Adelaide LOGAN, Appellant,

v.

Katie WASHINGTON et al., Appellees.

No. 22030.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 24, 1969.

Decided Feb. 20, 1969.

Mr. William S. D'Amico, Washington, D. C., with whom Mr. Henry M. Banta,

Washington, D. C., was on the brief, for appellant.

Mr. Louis P. Robbins, Washington, D. C., for appellees. Mr. Arnold L. Yochelson, Washington, D. C., also entered an appearance for appellees.

Before BAZELON, Chief Judge, FAHY, Senior Circuit Judge, and McGOWAN, Circuit Judge.

FAHY, Senior Circuit Judge:

This appeal is from a judgment[1] of the District Court holding, at the suit of the heirs at law of Rosa Lee Gary, deceased, that an instrument denominated by her as her last will and testament, dated July 1, 1964, and also a deed executed by her July 8, 1964, were null and void. Appellant, defendant in the suit, was named as sole beneficiary in the will, except as to a life tenancy in one room in the premises, and as grantee in the deed.[2] The complaint of the heirs, appellees in this court, attacked the validity of the two instruments as having been the result of undue influence exerted by appellant upon deceased. At a trial without a jury the District Judge agreed with this position of the heirs. We affirm.

The single ground urged for reversal is the ruling of the trial judge that the physician-patient privilege, as defined in 14 D.C.Code § 307(a)[3] required the exclusion of the testimony of deceased's physician, offered by appellant, as to her mental condition during the relevant time.[4] Appellant contends that the privi-

1. The appeal also is from the denial of appellant's motion in the District Court for a new trial.

2. At pre-trial the parties stipulated that the real property involved in the litigation is known as Lot 95, Square 3102, improved by premises known as 48 Randolph Place, N. W., Washington, D. C.

3. This provision reads:
   (a) In the courts of the District of Columbia a physician or surgeon may not be permitted, without the consent of the person afflicted, or of his legal representative, to disclose any information, confidential in its nature, that he has acquired in attending a patient in a professional capacity and that was

necessary to enable him to act in that capacity, whether the information was obtained from the patient or from his family or from the person or persons in charge of him.
14 D.C.Code § 307(a).

4. During the discussion among counsel and court as to the privilege the following occurred:
   [Counsel for plaintiffs]: May I ask your honor another question in this line? As to observations, if the doctor learned of these, what view does the Court take of the things the doctor learned because of the relationship?
   THE COURT: Well, the statute and the cases appear to be clear that information confidential in its nature ac-

lege was waived by appellees by their introduction of testimony concerning deceased's mental capacity as bearing on the issue of undue influence. Appellant phrases her contention also in terms of estoppel, pointing out that appellees introduced evidence which "disclosed the very intelligence they claim is privileged."

It is unnecessary to pass upon these questions regarding the privilege, including its possible waiver,[5] for the findings of the trial judge that the will and deed were null and void by reason of appellant's undue influence we are satisfied would have been the same had the physician been permitted to answer the questions to which objection was sustained on the basis of the privilege.[6]

In finding that the instruments resulted from the undue influence of appellant the court carefully reviewed the evidence and in the course of doing so stated:

The case does not hinge on the question of whether or not Mrs. Gary at the time she executed these instruments was in a legal sense of sound mind. Even if the Court were to draw the inference that that would have been the testimony of her physician, * * such testimony and such an inference would not be dispositive of the case. A person in a weakened physical condition, such as the Court has described the evidence shows the deceased to have been in, may, nonetheless, be subject to the influence of someone else, and she may execute documents or take other steps in her weakened condition under that influence; and that is the issue in this case.

Moreover, the judge recognized that the burden on the heirs was a heavy one and gave quite understandable reasons for viewing the evidence as meeting the

---

quired in a professional capacity necessary to enable him to act in that capacity is what is excluded. We will have to deal with that on a question-by-question basis.

Counsel for appellant did not test fully the possible scope of the court's ruling. See footnote 6, *infra*.

5. Thompson v. Smith, 70 App.D.C. 65, 103 F.2d 936, 123 A.L.R. 76, holds that an executor is a legal representative who can waive the privilege; but in Hutchins v. Hutchins, 48 App.D.C. 495; Labofish v. Berman, 60 App.D.C. 397, 55 F.2d 1022, and McCartney v. Holmquist, 70 App.D.C. 334, 106 F.2d 855, 126 A.L.R. 375, it is held that one who is named as executor, but for lack of admission of the will to probate and issuance of letters is an executor merely *eo nomine* rather than *de jure*, has no authority to waive the privilege. These cases, however, at least by inference support the position that the privilege, aside from the question of who may waive it, when invoked applies in the circumstances of the present case. However, neither an executor *de jure* nor *eo nomine* here invoked it. The objection to the physician's testimony was made by the deceased's heirs at law. If heirs at law may raise the bar of the privilege appellant claims that here they waived their right to do so by their own attack upon the mental capacity of the deceased, thus opening the door they could not close by resorting to the privilege. The cases in this jurisdiction to which we have referred seem not to settle this question.

6. The questions, in the context of appellees' objections and the court's rulings, appear in the transcript as follows:

[Counsel for defendant]: Q When you went to see Mrs. Gary, in your opinion, was she of sound mind?

[Counsel for plaintiffs]: I object, Your Honor.

THE COURT: That objection is sustained, * * *. That is a question that goes directly to the confidential relationship with the patient and is barred by the statute.

[Counsel for defendant]: Q Well, did Mrs. Logan wait on Mrs. Gary and give her good care?

A Yes.

Q Was the house kept orderly, clean and decent, would you say?

A Yes.

Q Did Mrs. Gary appear to be upset when you went to see her at first?

* * * * *

[Counsel for plaintiffs]: I object to that question, Your Honor.

THE COURT: Sustained.

[Counsel for defendant]: Well, I think that is all I can ask him then. No further questions were asked of the doctor.

burden. He stated he was guided by Duckett v. Duckett, 77 U.S.App.D.C. 303, 134 F.2d 527, and McCartney v. Holmquist, 70 App.D.C. 334, 106 F.2d 855, 126 A.L.R. 375. The guidance thus afforded for consideration of the evidence by the fact-finder, and that afforded also, albeit somewhat indirectly, by Barone v. Williams, 91 U.S.App.D.C. 174, 199 F. 2d 189, convinces us that the evidence here fully supports the court's findings and the legal conclusions derived from them.

Affirmed.